UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-322-GWU

TERESA CHADWELL
nka
Teresa Preston,                                                          PETITIONER,

VS.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      RESPONDENT.

## INTRODUCTION

The petitioner brought this action pursuant to 28 U.S.C. § 1361 seeking a writ of mandamus to order the respondent to grant a review on the merits of a July 23, 2007 decision on her claim by an Administrative Law Judge (ALJ). The respondent has filed a Motion to Dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons that follow, the Motion to Dismiss will be granted.

## PROCEDURAL BACKGROUND

The petitioner filed applications for Disability Insurance Benefits and Supplemental Security Income on August 19, 2003. (Tr. 46-8, 285-8). After the applications were denied through the level of the respondent's Appeals Council, the petitioner appealed to this court, which remanded the case for further consideration.

1

Chadwell v. Barnhart, Civil Action No. 6:05-523-GWU (E.D. Ky. August 16, 2006). The ALJ issued a second decision denying benefits on July 23, 2007.  (Tr. 348-57).

A standard notice accompanying the ALJ's denial decision informed the petitioner that she had 30 days from the date of receipt of the notice to file written exceptions with the Appeals Council, or to request an extension of time.  (Tr. 346). Alternatively, the notice informs the recipient that she can file an action in federal district court within 120 days "although you receive no further notice from us."  (Tr. 347).  See 20 C.F.R. §§ 404.984; 416.1484 (2009).

The petitioner avers that her exceptions were filed within 30 days, but after several months had elapsed with no response, she "was advised that the appeal was not timely filed." Complaint and Petition for Writ of Mandamus, Docket Entry No. 1, Paragraph 8.  Correspondence ensued in March, 2008 in which counsel for the petitioner submitted a statement from a member of his office staff to the effect that the exceptions were mailed on August 22, 2007 (Tr. 335-6).  The Appeals Council requested more proof in December, 2008.  (Tr. 333).  Counsel submitted an internal office record showing that the deadline had been calendared.  (Tr. 334). There was apparently no contemporaneous proof of mailing.

On August 5, 2009, the Appeals Council issued a letter stating that it had "considered the correspondence you believe showed that you timely filed exceptions; however, we find that you did not send us exceptions or ask for more time to do so within 30 days of the date you received the Administrative Law

Judge's decision." (Tr. 330).  The letter noted that the July, 2007 ALJ decision was the respondent's final decision.  The petitioner was informed that she could file a civil action within 60 days.  (Tr. 331).  The petitioner, however, chose to file the present action seeking mandamus relief.

## DISCUSSION

28 U.S.C. § 1361 confers original jurisdiction on district courts of any action "in the nature of mandamus" to compel an officer, employee, or agency of the United States to perform a clear, non-discretionary duty owed to the petitioner. Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted); Buchanan v. Apfel, 249 F.3d 485 (6th Cir. 2001).  "The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931).  The Sixth Circuit has held that mandamus is appropriate where the Commissioner has a non-discretionary duty to follow case law and regulations, notwithstanding the provisions of 42 U.S.C. 405(h). Buchanan, 249 F.3d at 492.

Unfortunately for the petitioner, the language in the respondent's regulations at §§ 404.984 and 416.1484, governing Appeals Council review of ALJ decisions after federal court remand, is largely permissive rather than mandatory.  The sections state, in pertinent part, that "[t]he Appeals Council may assume jurisdiction based on written exceptions to the decision of the [ALJ] which [a party] file[s] with the Appeals Council or based on its authority pursuant to paragraph (c) of this

section." (Emphasis added). Subsection (c) provides that "the Appeals Council <u>may</u> decide to assume jurisdiction . . . even though no written exceptions have been filed." (Emphasis added). The regulations do provide that the Appeals Council "will" consider written exceptions <u>if</u> they are timely filed. 20 C.F.R. §§ 404.984(b)(2); 416.1484(b)(2). At that point, the Appeals Council will either decline jurisdiction and explain why no change in the ALJ's decision is warranted, or assume jurisdiction and make an independent decision. <u>Id</u>., 20 C.F.R. §§ 404.984(b)(3); 416.1484(b)(3). Thus, the petitioner's case turns on whether she has proven that her exceptions were timely.

The petitioner asserts that after "certifying" the timely mailing of the exceptions, "the burden shifted to the Commissioner to explain the basis on which it concluded that the appeal was not timely filed rather than summarily dismissing the claim without explanation." <u>Complaint</u>, Paragraph 13. The Commissioner disputes the claim that the burden shifted. However, the answer to this question is not dispositive of the issue. Assuming for the sake of the motion that such a duty existed, the Appeals Council is not required to find that a claimant had good cause for missing the deadline to request review. 20 C.F.R. §§ 404.911 and 416.1413 list examples of situations, none of which precisely fit the current case, in which good cause "may" exist. Because the respondent "may" find that good cause exists he also "may" find that it does not. The petitioner might receive a rationale for the

Appeals Council's decision, but because no clear duty exists the court could not require the Council to change, or even to reconsider, its determination.

Moreover, even after the August, 2009 Appeals Council action, the petitioner could have filed a civil action in this court within 60 days, in accordance with 42 U.S.C. § 405(g).

## CONCLUSION

Because none of the regulations create a mandatory, non-discretionary duty to review the petitioner's case, and because the petitioner had another avenue to obtain review, there is no basis for mandamus relief.

Accordingly, and in accordance with a separate judgment,

IT IS HEREBY ORDERED that:

(1)  the petitioner's Petition for Writ of Mandamus is DENIED;

(2)  the respondent's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED; and

(3)  the case is STRICKEN from the docket.

This the 7th day of April, 2010.



Signed By:

*G. Wix Unthank*

**United States Senior Judge**